UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-MC-80180-SINGHAL/MAYNARD

MATTHEW ORSO, as Successor Trustee
to Kenneth D. Bell in his Capacity as Court-
Appointed Receiver for Rex Venture Group,
LLC, *et al.*,

    **Plaintiffs,**

v.

**TODD DISNER,** *et al.*,

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before me upon Defendant Serge Bozieux's Claim of Exemption and Request for Hearing ("Motion"). DE 22. This Motion falls within the scope of an Order referring all post-judgment collection effort matters to me for appropriate disposition. DE 23. No response in opposition has been timely filed.

Upon consideration of the Motion, having reviewed the record, and being otherwise fully advised, I respectfully **RECOMMEND** that the underlying writ be **DISSOLVED** as required under Florida law and that the Motion be **DENIED AS MOOT** in light of this dissolution. My recommendation is based on the following reasons.

## BACKGROUND

On August 14, 2017, the United States District Court for the Western District of North Carolina entered a Final Judgment in favor of Plaintiff and against each individual member of a Defendant class. DE 1. Relevant here, final judgment against Defendant Serge

Bozieux ("Defendant/Judgment Debtor") was entered in the amount of $4,463.55 (comprised of $3,323.69 in "net winnings from the ZeekRewards scheme" and $1,139.86 in prejudgment interest). *Id.* at 4. Post-judgment interest continues to accrue on the Final Judgment at the rate specified in 28 U.S.C. § 1961. *Id.* at 3.

On February 1, 2021, the Final Judgment was registered with this Court as a certified foreign judgment. DE 1. Upon Plaintiff's request, the Court thereafter issued writs of garnishment on several banks for monies or property belonging to Defendant/Judgment Debtor in those banks' possession or control. *See* DE 8, DE 9, DE 10, DE 11, DE 19.

One such writ of garnishment was issued on Bank of America ("BOA") on January 30, 2024. DE 19. On February 6, 2024, a "First Notice to Defendant Pursuant to Florida Statute § 77.041" was served via U.S. Mail to Defendant/Judgment Debtor. DE 20. In addition, on that same date of February 6, 2024, BOA filed an Answer to the writ, indicating that it: (i) was not indebted to Defendant/Judgment Debtor; (ii) knows of no other person indebted to Defendant/Judgment Debtor or any other person who may have property of the Defendant/Judgment Debtor; and (iii) was not in possession of any tangible or intangible property belonging to Defendant/Judgment Debtor. DE 21.

On March 5, 2024, Defendant/Judgment Debtor filed the instant Motion claiming exemption from garnishment under the category "Head of family wages" and indicating that he provides "more than one-half of the support for a child or other dependent and have net earnings of $750.00 or less per week." DE 22. The Motion also requests a hearing. *Id.* Plaintiff has not timely responded.

## **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 69:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Fed. R. Civ. P. 69(a)(1). Florida law thus applies here.

Florida garnishment statute § 77.041 imposes procedural rules and deadlines for a creditor like Plaintiff, and it allows a judgment debtor to contest the garnishment. The statute provides that a creditor Plaintiff begins the garnishment process by filing a motion for writ of garnishment and paying fees and deposits to the Clerk of Court. The Clerk of Court then issues the writ. Next, the creditor Plaintiff serves the writ upon the garnishee—in this case, BOA. The garnishee is required to serve an answer on the creditor Plaintiff within 20 days after service of the writ. Fla. Stat. § 77.04.

Under Florida law, the creditor Plaintiff must provide an individual debtor with a "Notice to Defendant" containing a copy of the creditor's motion, a copy of the Writ of Garnishment issued by the Clerk of Court, and a claim of exemption form within the later of five days of the Clerk's issuance of the writ or three days of service on the garnishee. Fla. Stat. § 77.041(2).

For an individual debtor to claim an exemption, such debtor must file a notarized claim of exemption and request for hearing within 20 days after receiving the statutory notice. Fla. Stat. § 77.041(1). The filing of a sworn claim of exemption triggers Fla. Stat § 77.041(3), which provides:

> Upon the filing by a defendant of a sworn claim of exemption and request for hearing, a hearing will be held as soon as practicable to determine the validity of the claimed exemptions. If the plaintiff or plaintiff's attorney does not file a sworn written statement that answers the defendant's claim of exemption within ... 14 business days if the claim and requests were served by mail, no hearing is required and the clerk must automatically dissolve the writ and notify the parties of the dissolution by mail.

Fla. Stat. § 77.041(3). "Florida law requires garnishment statutes ... to be strictly construed." *Allen v. Robert F. DeLuca, M.D., P.A.*, Case No. 18-81265-Civ-Dimitrouleas/Matthewman, 2020 WL 1832323, at *2 (S.D. Fla. Mar. 25, 2020), *report adopted*, 2020 WL 1828510 (S.D. Fla. Apr. 13, 2020) (citation omitted). Under the statute's clear terms, if a plaintiff or plaintiff's attorney does not file a sworn written statement that answers a defendant/judgment debtor's claim of exemption, the Clerk must automatically dissolve the writ and notify the parties of the dissolution by mail. *See Allen*, 2020 WL 1832323, at *2.

## DISCUSSION

Here, Plaintiff followed the procedures for issuance of a writ of garnishment and BOA filed an answer to the writ as required. Defendant/Judgment Debtor filed the instant Motion claiming an exemption on March 4, 2024. The Motion complies with the requirements of Fla. Stat. § 77.041 in that it: (i) uses the form provided in the statute; (ii) is notarized; and (iii) was served to Plaintiff via CM/ECF (which is akin to service by mail).[1] *See* Fla. Stat. § 77.041(1); *see also Suretec Ins. Co., Pl., v. Nat'l Concrete Structures, Inc.*,

---

[1] The Claim for Exemption/Motion was signed and notarized on March 2, 2024, which was 25 days after the the statutory "Notice to Defendant" was filed on February 6, 2024. Allowing time for Defendant to have received the statutory notice in the mail, it appears that Defendant's claim was made within or close in time to the requisite 20 days after having received the statutory notice as required. For purposes of this discussion, I assume without determining that the Motion is timely.

et. al., Case No. 12-60051-Civ-Scola/Valle, 2014 WL 12469952, at *2 (S.D. Fla. July 10, 2014) (noting that CM/ECF service is equivalent to service by U.S. mail).

However, the Motion is now moot for two independent reasons. First, on February 6, 2024, BOA filed its answer to the writ of garnishment stating that it was not indebted to Defendant/Judgment Debtor in any amount. As a result, there are no funds to garnish from BOA and no final judgment of garnishment has been sought as to it. The Motion is thus moot because there are no funds presently subject to garnishment from BOA. *See Orso as Tr. to Bell v. Louis*, 2022 WL 2317917, at *1 (M.D. Fla. Mar. 21, 2022), *report adopted sub nom. Orso v. Louis*, 2022 WL 2317869 (M.D. Fla. Apr. 7, 2022) (finding a defendant's claims of exemption to be moot "because not funds are currently subject to garnishment from either" of two garnishee banks).

Second, under § 77.041(3), Plaintiff or Plaintiff's attorney had 14 days to object to the Defendant/Judgment Debtor's Motion, but no objection has been filed to date. Thus, Plaintiff has not complied with § 77.041(3) and the Clerk of Court "must automatically dissolve the writ[s] and notify the parties of the dissolution by mail." Fla. Stat. § 77.041(3); *Holloway v. City of Orlando*, 2017 WL 4773356, at *1-2 (M.D. Fla. Oct. 4, 2017). This automatic dissolution under Florida law renders Defendant/Judgment Debtor's Motion moot.

### RECOMMENDATION

Accordingly, I respectfully **RECOMMEND** that the District Judge enter an Order directing the Clerk of Court to **DISSOLVE** the Writ of Garnishment on Bank of America, DE 19, and that Defendant/Judgment Debtor's related Motion, DE 22, be **DENIED AS**

**MOOT** in light of the dissolution.

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days after being served with a copy of this Report and Recommendation within which to file written objections, if any, with presiding U.S. District Judge Raag Singhal. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). Failure to timely file written objections waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2021); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND RECOMMENDED** in Chambers, in Fort Pierce, Florida, this 27th day of March, 2024.

*[signature]*
SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE

Copies to:
Counsel of Record

Serge Bozieux
236 SW 8th Avenue
Boynton Beach, FL 33435